UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINY PAUSINI RAMOS,  )<br>            )<br>        Plaintiff,    )<br>            )<br>    v.        )<br>            )<br>ANDREW M. SAUL,      )<br>Commissioner of Social Security,  )<br>            )<br>        Defendant.    )<br>_____) | Case No.: 1:17-cv-0279 JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 26) |

Mark Kalagian, counsel for Plaintiff Triny Pausini Ramos, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 26) Neither Plaintiff nor the Commissioner of Social Security have opposed the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.      Relevant Background**

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on January 30, 2017. (Doc. 26-2 at 1) Plaintiff indicated that he agreed his attorney was entitled to "25% of the past due awarded upon reversal of the unfavorable ALJ decision for work before the court." (*Id.*, emphasis omitted) The agreement also indicated counsel may seek compensation under the Equal Access to Justice Act, and the amount awarded would be credited to Plaintiff. (*Id.*)

On February 27, 2017, Plaintiff filed a complaint for review of the administrative decision denying an application for Social Security benefits. (Doc. 1) The Court found the administrative law judge failed to identify specific and legitimate reasons for rejecting the opinions of Plaintiff's treating

1

physician. (Doc. 22 at 1, 9-13) Thus, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on September 13, 2018. (*Id.* at 14) Following the entry of judgment in favor of Plaintiff (Doc. 23), the Court awarded $3,900.00 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 25 at 1)

Upon remand, the administrative law judge issued a fully favorable decision. (Doc. 26-3 at 1) The administrative then determined Plaintiff was was entitled to past-due benefits beginning August 2013, in the total amount of $34,423.00. (Doc. 26-3 at 2; Doc. 26 at 6) From this total, the administration withheld $8,607.75 for the payment of attorney fees. (Doc. 26 at 7)

Counsel filed the motion now before the Court on January 11, 2021, seeking fees in the amount of $8.500.00. (Doc. 26) Mr. Kalagian indicated the law office would refund Plaintiff the amount of fees previously awarded under the EAJA. (*Id.* at 6) Plaintiff was served with the motion and informed of the right to file a response to indicate whether he agreed or disagreed with the requested fees within fourteen days. (*Id*. at 2, 26) To date, Plaintiff has not filed an opposition, or otherwise responded to the motion for fees.

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review

contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 26-2 at 1)  Counsel accepted the risk of loss in the representation and expended a total of 21.35 hours while representing Plaintiff before the District Court.  (Doc. 26 at 16; Doc. 26-5 at 1)  Tasks undertaken included reviewing the administrative record; legal research regarding the issues presented; preparation of the complaint, confidential letter brief, opening brief, and reply brief.  (*See* Doc. 26-5 at 1)  Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision.  For this, Mr. Kalagian requests a fee of $8,500, which is approximately 24.7% of the past-due benefits owed to Plaintiff.  (Doc. 26 at 8)  Because counsel intends to refund the $3,900.00 that was previously paid under the EAJA, the net cost to Plaintiff is $4,600.  (*See id.* at 13)  Finally, although served with the motion and informed of the right to oppose the fee request (*id.* at 2), Plaintiff did not file oppose the request and thereby indicates an implicit belief that the total amount requested for attorney fees is reasonable

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct.  Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b) or the amount agreed upon by counsel and Plaintiff.  (*See* Doc. 29-1 at 1)

**IV.   Conclusion and Order**

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Mr. Kalagian and the Law Offices of Lawrence D. Rohlfing are reasonable.  Accordingly, the Court **ORDERS**:

1.   Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of

$8,500.00 is **GRANTED**;

2. The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and

3. Counsel **SHALL** refund $3,900.00 to Plaintiff Triny Pausini Ramos.

IT IS SO ORDERED.

Dated:   **January 30, 2021**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

4